UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Sholom Ginsberg,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br><br>-v.-<br><br>RMP, LLC,<br>and John Does 1-25.<br>Defendant(s). | Civil Action No: 3:20-cv-14783<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sholom Ginsberg ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant RMP, LLC ("RMP"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, county of Ocean, residing at 2306 Tapestry Ct, Toms River, NJ 08755.

8. Defendant RMP is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 200 14th Ave East, Sartell, MN 56377.

9. Upon information and belief, Defendant RMP is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of all individuals:

   a. with addresses in the State of New Jersey;
   b. to whom Defendant RMP sent an initial letter;
   c. attempting to collect a consumer debt;
   d. in two sub-classes:
      1. where the letter:
         a. states that there are multiple creditors;
         b. without stating the amount owed to each individual creditor;
      2. where the letter:
         a. offers monthly payment options "interest free";
         b. even though Defendant is not actually charging any interest; and

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to February 14, 2020, an obligation was allegedly incurred to two separate non-parties: U of M Physicians, and M Health Clinic and Surgery.

22. These alleged debts were incurred as financial obligations that were primarily for personal, family or household purposes and are therefore each a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for personal medical services.

23. U of M Physicians and M Health Clinic and Surgery are each a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. According to the letter received by Plaintiff, U of M Physicians and M Health Clinic and Surgery placed the accounts with the Defendant to collect the alleged debt.

25. Defendant RMP collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation - February 14, 2020 Collection Letter*

26. On or about February 14, 2020, Defendant RMP sent Plaintiff a collection letter. A true and accurate copy of this letter is **attached as Exhibit A**.

27. The letter lists two creditors but only one total alleged balance as follows:

| ACCOUNT INFORMATION | |
|---|---|
| **CREDITOR(S)**<br>U OF M PHYSICIANS<br>M HEALTH Clinic and Surgery | **TOTAL AMOUNT OWED**<br>$2,461.57 |

28. The letter further states "[y]our delinquent balance**s** totaling $2,461.57 have been placed with us for collections." (emphasis added).

29. The letter fails to identify the amount owed to each of the two creditors.

30. The consumer is confused as to how much debt is owed on each individual debt and cannot properly decide how to address them.

31. For example, one of the debts may be significantly less than the other. If so, the consumer would perhaps choose to pay down the smaller balance first. The letter however, fails to properly inform the consumer of the amount of the debt, instead lumping multiple debts together to coerce payment.

32. The letter further offers monthly payment plans "interest free".

33. However, Defendant is not actually charging any further interest.

34. The implied claim that interest is accruing is therefore deceptive and false.

35. Implying that the balance may increase is merely a deceptive collection tactic.

36. The consumer is therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled at to the total owed, and cannot properly evaluate the offers of settlement.

37. Furthermore, the threat of a balance increase overshadows the § 1692g notice language and coerces the consumer not to exert his rights under the FDCPA.

38. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

39. Plaintiff repeats the above allegations as if set forth here.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated said section by:

   a. implying interest is accruing on the debt although no interest is actually being collected or intended to be collected in violation of §§ 1692e (5);

   b. falsely representing the character, amount or legal status of the debt in violation of §1692e (2);

   c. Failing to state the balance owed to each creditor in violation of § 1692e (10).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

44. Plaintiff repeats the above allegations as if set forth here.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

46. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47. Defendant violated this section by

   a. implying interest is accruing on the debt although no interest is actually being collected or intended to be collected;

   b. unfairly representing the character, amount or legal status of the debt;

   c. failing to state the balance owed to each creditor.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

49. Plaintiff repeats the above allegations as if set forth here.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. Pursuant to 15 U.S.C. §1692g:

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   1. The amount of the debt;

   2. The name of the creditor to whom the debt is owed; ...

52. Defendant violated this section by failing to state the amount of the debt owed to each creditor.

53. In addition, the implied statement that that interest is accruing overshadows the § 1692g notice and time language and coerces the consumer not to exert his rights under the FDCPA.

54. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sholom Ginsberg, individually and on behalf of all others similarly situated, demands judgment from Defendant RMP, LLC, as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

     f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 21, 2020

Respectfully submitted,

Stein Saks, PLLC

By: /s/ Eliyahu Babad
Eliyahu Babad, Esq.
285 Passaic Street
Hackensack, NJ, 07601
P. (201) 282-6500 x121
F. (201) 282-6501

*Attorneys for Plaintiff*